UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| JAKEIL D. LINDSEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:17-CV-112-CLC-MCLC |
| | ) | |
| CORIZION MEDICAL STAFF, BLEDSOE | ) | |
| COUNTY CORRECTION COMPLEX | ) | |
| SECURITY, RUSSELL MELTON, TINA | ) | |
| HEARD, JOHNATHAN HOLLAND, and | ) | |
| WILLIAM LEWIS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## **MEMORANDUM OPINION**

Jakeil D. Lindsey ("Plaintiff"), a *pro se* prisoner, brings this civil rights complaint for damages under 42 U.S.C. § 1983 [Doc. 2] and a motion for leave to proceed *in forma pauperis* [Doc. 1]. Plaintiff names as defendants the correctional facility's medical staff and security, along with Russell Melton, Tina Heard, Johnathan Holland, and William Lewis, in their individual and official capacities (collectively "Defendants"). Plaintiff alleges Defendants were deliberately indifferent to his serious medical condition, resulting in injuries to his head and mouth [Doc. 2 p. 5].

For the following reasons, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] will be **GRANTED**, and his complaint will advance, in part.

**I.      THE FILING FEE**

It appears from the application to proceed *in forma pauperis* [Doc. 1] that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] will be **GRANTED** pursuant to 28 U.S.C. § 1915.

Because Plaintiff is an inmate in the Northwest Correction Complex ("NCCX"), he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account at NCCX will be **DIRECTED** to submit to the Clerk of Court, as an initial partial payment, twenty percent (20%) of the greater of either the average monthly deposits or the average monthly balance in the account for the six (6) months immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1).

After full payment of the initial partial filing fee, the custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income credited to the account, but only when the amount in the account exceeds ten dollars ($10), until the full $350 fee has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Payments should be mailed to: Clerk's Office, USDC; 220 West Depot Street, Suite 200; Greeneville, TN 37743.

The Clerk of Court will be **DIRECTED** to send a copy of this Order to the custodian of inmate accounts at NCCX to ensure compliance with these fee-assessment procedures. The Clerk will also be **DIRECTED** to forward a copy of the Order to the Court's financial deputy. The accompanying Order shall become a part of Plaintiff's prison file and follow him if he is transferred to another institution. Plaintiff will be **ORDERED** to notify the Court of any change of address if he is transferred to another institution and to provide the prison officials at any new institution with a copy of the Order.

## II. BACKGROUND

Plaintiff claims to suffer from grand mal seizures and epileptic attacks [Doc. 2 p. 3]. He contends that Defendants showed indifference to his serious medical conditions by failing to provide adequate medical care after he suffered from multiple seizures while incarcerated at the Bledsoe County Correctional Complex. Plaintiff suffered from seizures on February 25, 2017, March 1, 2017, March 6, 2017, March 8, 2017, March 28, 2017, April 6, 2017, May 2, 2017, and May 7, 2017, but was ignored by Defendants each time [*Id*.]. Plaintiff states that Defendants believe he faked his seizures, and consequently, placed him into segregation for "creating a disturbance" [*Id*.].

Plaintiff further alleges that he was discriminated against because of his race [*Id*. at 6]. He complains that Defendants Melton and Heard opine that, "all [b]lack inmates [are] faking seizures to come to medical department clinic to harass the young white female nurses" [*Id*].

Prior to his stay at the Bledsoe County Correctional Complex, Plaintiff wore a protective helmet issued by the Rutherford County Jail Medical Staff due to the potential danger to Plaintiff's head during a seizure [*Id* at 5]. However, upon admittance to Bledsoe County Correctional Complex, the Corizion Medical Staff confiscated his helmet [*Id*.]. Because Plaintiff does not have his helmet anymore, he has suffered head injuries from falling during seizures [*Id*.].

## III. SCREENING

Under 28 U.S.C. § 1915(e), a court is required to screen civil complaints brought by prisoners proceeding *in forma pauperis* and to dismiss an action at any time the court determines that it is frivolous or fails to state a claim upon which relief can be granted. In performing this task, the Court bears in mind the rule that pro se pleadings filed in civil rights cases are to be

3

charitably construed and to be held to a less exacting standard than attorney-prepared complaints. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (explaining that a pro se pleading "is to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers") (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Still, the pleadings must be sufficient "to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is not plausible unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level," *id.* at 555, and permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The standard articulated in *Twombly* and *Iqbal* "governs dismissals for failure to state a claim under [§§ 1915A(b)(1) and 1915(e)(2)(B)(ii)] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere"). In other words, the plaintiff must plead facts sufficient to show: (1) the deprivation of a right, privilege, or immunity secured to him by the United States Constitution or other federal law; and (2) that the individual responsible for such deprivation was acting under color of state law. *Gregory v. Shelby Cty.*, 220 F.3d 433, 441 (6th Cir. 2000).

## IV. NON-SUABLE ENTITIES

Plaintiff named Corizion Medical Staff and Bledsoe County Correction Complex Security as defendants in this action. However, these defendants are non-suable entities because they are not "persons" who can be sued under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 688-90 (1978) (finding that only "bodies politic" are "persons" who can be sued under 42 U.S.C § 1983.). Applying *Monell*, the Sixth Circuit and district courts in this district have held that medical departments of a jail and a prison are not entities that can be sued under § 1983. *See Hix v. Tenn. Dept. of Corrs.,* 196 Fed. Appx. 350, 355 (6th Cir. 2006) ("[W]e conclude that the defendant medical departments are not "persons" under § 1983."); *Horton v. Hamblen Cty. Jail Med. Staff*, No. 2:07-CV-01, 2007 WL 172523, at *1 (E.D. Tenn. Jan. 18, 2007) (finding that the jail medical staff is a non-suable entity under § 1983"); *Sullivan v. Hamilton Cty. Jail Staff*, No. 1:05-CV-320, 2006 WL 1582418, at *3 n.1 (E.D. Tenn. June 5, 2006) (noting that the jail's medical staff is a subdivision of the sheriff's department and not a legal entity subject to suit) (citing to *Fischer v. Cahill*, 474 F.2d 991, 992 (3rd Cir. 1973) for its holding that a state prison medical department is not a "person" under § 1983). Similarly, this Court holds the same to be true for security staff. Thus, Corizion Medical Staff and Bledsoe County Correction Complex Security will be **DISMISSED** as defendants from this action.

## V. OFFICIAL CAPACITY CLAIMS

Remaining Defendants Russell Melton, Tina Heard, Johnathan Holland, and William Lewis are all sued in both their individual and official capacities. The distinction between a suit against defendants in their official capacities and in their individual capacities is significant because an action against a defendant in his official capacity proceeds as though a plaintiff has sued the governmental entity the defendant represents. *See Alkire v. Irving*, 330 F.3d 802, 810

(6th Cir. 2003). The governmental entity Defendants represent is Bledsoe County, Tennessee. A governmental entity, like Bledsoe County, can only be liable where a plaintiff shows that its policy, practice, or custom has caused him to sustain a constitutional injury. *Monell*, 436 U.S. at 691. Put simply, to state a § 1983 claim against Bledsoe County, Plaintiff must: (1) identify the policy, (2) connect the policy to Bledsoe County itself; and (3) demonstrate that his injury was incurred because of the execution of that policy. *Garner v. Memphis Police Dep't,* 8 F.3d 358, 364 (6th Cir. 1993). Here, Plaintiff did not identify a policy to deprive inmates of medical care nor did he allege the existence of such a policy, much less did he connect that policy to Bledsoe County or show that the policy caused his injury.

Because Plaintiff has not stated a claim against Defendants in their official capacities, all such claims fall short and will be **DISMISSED**.

## VI. INDIVIDUAL CAPACITY CLAIMS

Plaintiff alleges that Defendants Russell Melton, Tina Heard, Johnathan Holland, and William Lewis, in their individual capacities, acted with deliberate indifference to his serious medical needs and retaliated against Plaintiff based on their belief that he was faking his seizures to get attention. The Court does not find that these allegations are frivolous or malicious and cannot say that they do not state a claim which would entitle Plaintiff to relief under § 1983. Thus, the allegations of deliberate indifference and retaliation may advance as against Russell Melton, Tina Heard, Johnathan Holland, and William Lewis in their individual capacities.

## VII. CONCLUSION

Plaintiff's application to proceed *in forma pauperis* [Doc. 1] is **GRANTED**. Nonetheless, he will be **ASSESSED** the filing fee of three hundred and fifty dollars ($350), and shall follow the procedures as outlined in this memorandum and order.

Based on the foregoing, the Court finds that the Corizion Medical Staff and Bledsoe County Correction Complex Security are not "persons" who can be sued under 42 U.S.C § 1983 and thus are **DISMISSED** as defendants from this action. Further, Plaintiff's allegations cannot proceed against Russell Melton, Tina Heard, Johnathan Holland, and William Lewis in their official capacities and are **DISMISSED**. However, at this point in the proceedings, Plaintiff's allegations of deliberate indifference and retaliation against Russell Melton, Tina Heard, Johnathan Holland, and William Lewis in their individual capacities are not frivolous or malicious, and the Court cannot say that they do not state a claim which would entitle Plaintiff to relief under § 1983.

The Clerk is **DIRECTED** to send Plaintiff service packets (a blank summons and USM 285 form) for defendants Russell Melton, Tina Heard, Johnathan Holland, and William Lewis. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within twenty (20) days of the date of this Order. At that time, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. Fed. R. Civ. P. 4. Plaintiff is forewarned that failure to return the completed service packet within the time required could jeopardize his prosecution of this action.

Defendants Russell Melton, Tina Heard, Johnathan Holland, and William Lewis **SHALL** answer or otherwise respond to the complaint within twenty (20) days from the date of service.

Also, Plaintiff **SHALL** promptly notify the Court of any address changes and is **ADVISED** that his failure so to do, within fourteen (14) days of any such change, will result in the dismissal of this lawsuit for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

/s/_____
**CURTIS L. COLLIER
UNITED STATES DISTRICT JUDGE**