UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| JAKEIL D. LINDSEY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 2:17-CV-112-CLC-MCLC |
| CORIZION MEDICAL STAFF, BLEDSOE COUNTY CORRECTION COMPLEX SECURITY, RUSSELL MELTON, TINA HEARD, JOHNATHAN HOLLAND, and WILLIAM LEWIS, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

## **M E M O R A N D U M**

Jakeil D. Lindsey ("Plaintiff") initiated this action when he filed a complaint on July 12, 2017, alleging constitutional violations pursuant to 28 U.S.C. § 1983 [Doc. 2], along with a motion for leave to proceed *in forma pauperis* [Doc. 1]. On November 7, 2017, the Court granted Plaintiff's motion for leave to proceed *in forma pauperis* and screened his complaint to determine whether, *inter alia*, the pleading failed to state a claim which would entitle Plaintiff to relief under § 1983 [Doc. 3]. The Court ordered that process shall issue to Russell Melton, Tina Heard, Johnathan Holland, and William Lewis ("Defendants") in their individual capacities on Plaintiff's allegations of deliberate indifference and retaliation [*Id.*]. Additionally, the Court directed the Clerk to send Plaintiff service packets (a blank summons and USM 285 form) for Defendants and ordered Plaintiff to complete the service packets and return them to the Clerk's Office [*Id.*].

Plaintiff was forewarned that failure to return the completed service packet within the time required could jeopardize his prosecution of this action [*Id.*].

The Clerk's Office received the summonses from Plaintiff on December 11, 2017. However, the summonses were incorrectly filled out and/or contained insufficient information for service, per the United States Marshalls Service [Unnumbered docket entry dated December 11, 2017]. New summons packets were re-mailed to Plaintiff informing Plaintiff that P.O. Boxes are not sufficient addresses for service and that the summonses need to be completed with proper service addresses [*Id.*]. The service packets were mailed to Plaintiff at his last known address. Plaintiff has not returned the service packets to the Court as directed.

On May 24, 2018, this Court ordered Plaintiff to show cause within fourteen days explaining why his case should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute [Doc. 6]. The Court notified Plaintiff that failure to comply with the terms of the order will result in dismissal of his case [*Id.*]. More than fourteen days have passed and Plaintiff has not filed any response to the Court's order to show cause.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g., Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). Involuntary dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

The Court considers four factors when considering dismissal under Rule 41(b):

(1) whether the party's failure is due to willfulness, bad faith or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the

dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to prosecute this action can be attributed to his own willfulness or fault. Notably, the Order sent to Plaintiff's address on file was not returned to the Court. Plaintiff's failure to respond to the Court's Order may be willful (if he received the Order and declined to respond), or it may be negligent (if he did not receive the Order because he failed to update his address and/or monitor this action as required by Local Rule 83.13). Pursuant to Local Rule 83.13, it is the duty of the pro se party to monitor the progress of the case and to prosecute or defend the action diligently. *See* E.D. Tenn. L.R. 83.13. Accordingly, either way, the first factor weighs in favor of dismissal.

The second factor, however, weighs against dismissal; since Defendants have not been served, they have not been prejudiced by Petitioner's inactions and/or delays.

By contrast, the third factor clearly weighs in favor of dismissal, as Plaintiff has failed to comply with the Court's order, despite being expressly warned of the possible consequences of such a failure [Doc. 3 at 7; Doc. 6 at 2].

Finally, the Court finds that alternative sanctions would not be effective. Plaintiff has filed a motion for leave to proceed *in forma pauperis*; therefore, the Court has no indication that Plaintiff has the ability to pay a monetary fine. The Court does not believe that a dismissal *without* prejudice would be an effective sanction to promote Plaintiff's respect for this Court's deadlines and orders, given that the threat of dismissal *with* prejudice was not effective in compelling Plaintiff's

compliance.  The Court thus concludes that, in total, the factors weigh in favor of dismissal of Plaintiff's action with prejudice pursuant to Rule 41(b).

For the reasons discussed herein, this action will be **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b).

**An order shall enter.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**